**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WEYLIN O. RODRIGUEZ,**

**Petitioner,**

**v.**

**Civil Case No. 8:23-cv-482-MSS-AEP**
**Crim. Case No. 8:12-cr-136-MSS-AEP**

**UNITED STATES OF AMERICA,**

**Respondent.**
**_________________________________/**

**O R D E R**

Weylin O. Rodriguez, through retained counsel, moves under 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c) conviction and consecutive 60-month sentence for possessing a firearm in furtherance of a crime of violence. (Civ. Docs. 1 and 2) The United States acknowledges that Rodriguez's Section 924(c) conviction is now infirm in light of *United States v. Davis*, 588 U.S. 445 (2019), but argues that Rodriguez is not entitled to a resentencing hearing. (Civ. Doc. 6)

Upon consideration, Rodriguez's counseled Section 2255 motion must be granted in part and denied in part. It is granted solely to the extent that he is entitled to a vacatur of his Section 924(c) conviction and consecutive 60-month sentence. However, Rodriguez's request for a resentencing hearing must be denied.

## I. Background

The circuit court summarized the facts of this case as follows, *United States v. Rodriguez*, 589 F. App'x 513, 514 (11th Cir. 2015):

> Beginning in January of 2010 Rodriguez ran a prostitution ring that recruited minors as young as 14 years old. He lured young girls to work for his company, GMB Entertainment, under the guise of helping them attain a modeling career. Rodriguez then physically, emotionally, and sexually abused the girls. Throughout the course of administering his criminal enterprise, Rodriguez regularly carried a firearm and often slept with a firearm under his pillow.

In 2013, a jury convicted Rodriguez of one count of conspiracy to engage in sex trafficking of minors and adults by means of force, threats, fraud, and/or coercion, in violation of 18 U.S.C. §§ 1591(a), 1594(c) (Count One); three counts of sex trafficking a minor by means of force, threats, fraud, and/or coercion, in violation of § 1591(a), (b), and 18 U.S.C. § 2 (Counts Two, Four, and Five); one count of sex trafficking three adults by means of force, threats, fraud, and/or coercion, in violation of § 1519(a), (b), and § 2 (Count Six); one count of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count Seven); one count of transporting minors with the intent to engage them in prostitution, in violation of 18 U.S.C. §§ 2423(a), 2 (Count Eight); one count of enticing an individual to travel in interstate commerce for prostitution, in violation of 18 U.S.C. §§ 2422(a), 2 (Count Nine); and one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (Count Ten).

The district court imposed a guidelines-sentence of concurrent terms of life imprisonment on Counts One, Two, Four, Five, Six, and Eight, a concurrent 240-month term of imprisonment on Count Nine, a concurrent 120-month term on Count Ten, followed by a consecutive 60-month term of imprisonment for the Section 924(c) offense in Count Seven. (Crim. Docs. 194 and 241)

On direct appeal, Rodriguez challenged (1) the sufficiency of the evidence supporting his Section 924(c) conviction, (2) the substantive reasonableness of his life sentences, and (3)

his sentence as unfairly disparate to the sentence received by his co-defendants, among other challenges. *Rodriguez*, 589 F. App'x at 514. The circuit court "conclude[d] that all of the [asserted] issues lack merit, and thus affirm[ed] Rodriguez's convictions and sentences." *Id*.

In 2016, Rodriguez filed his first Section 2255 motion and claimed that his trial counsel was constitutionally ineffective. (Crim. Doc. 265) The district court denied Rodriguez's motion on the merits in 2018. *Rodriguez v. United States*, No. 8:16-cv-798-MSS-AEP (M.D. Fla. Dec. 7, 2018). Both the district court and the circuit court denied Rodriguez a certificate of appealability, and Rodriguez filed a petition for a writ of certiorari with the United States Supreme Court. *Rodriguez*, No. 8:16-cv-798-MSS-AEP, Docs. 34, 35, 36.

In 2019, the Supreme court held in *United States v. Davis*, 139 S. Ct. at 2323, that Section 924(c)(3)(B)'s residual clause was unconstitutionally vague. Thus, to support a Section 924(c) charge, an offense must qualify as a crime of violence under Section 924(c)(3)(A)'s elements clause. *See In re Hammoud*, 931 F.3d 1032, 1040–41 (11th Cir. 2019).

In 2020, while his certiorari petition was pending, Rodriguez sought authorization from the circuit court to file a successive Section 2255 motion based on *Davis*. The circuit court denied the application without prejudice as premature. *In re Rodriguez*, No. 20-12336 (11th Cir. July 21, 2020).

In 2021, Rodriguez, through counsel, filed a renewed application to the circuit court for authorization to file a second or successive Section 2255 motion to raise, among other claims, a *Davis* claim. *In re Rodriguez*, No. 21-11128 (11th Cir. Apr. 7, 2021). On April 23, 2021, the circuit court granted the application "only as to [Rodriguez's] *Davis* claim challenging his § 924(c) conviction on Count Seven." *In re Rodriguez*, No. 21-11128 (11th Cir. Apr. 23, 2021); Crim. Doc. 284.

More than a year later, on August 10, 2022, Rodriguez filed a "Sentencing Memorandum" in his criminal action. (Crim. Doc. 287) In the memorandum, filed through retained counsel, Rodriguez raised various issues related to sentencing and argued that "any enhancement under § 924(c) in this case for sex trafficking under § 1591, which does not qualify as a crime of violence under the residual clause of § 924(c)(3)(A), would be unconstitutional error." (*Id.* at 7)

The district court notified Rodriguez that he "must raise a claim collaterally attacking his conviction and sentence in a second or successive motion to vacate" and, consistent with *Castro v. United States*, 540 U.S. 375 (2003), permitted him to either proceed with the construed Section 2255 motion as filed, or withdraw or amend the construed motion. (Crim. Doc. 291 at 3) On February 7, 2023, Rodriguez filed, through counsel, an amended Section 2255 motion and memorandum. (Crim. Docs. 293, 294) The district court thereafter opened this civil action. (Crim. Doc. 296, Civ. Docs. 1, 2)

## II. Discussion

### A. Rodriguez's Section 2255 Motion (Civ. Docs. 1 and 2)

In his Section 2255 motion, Rodriguez raises one ground for relief: "Sentencing under 924(c) and the mandatory minimum would be unconstitutional under *Davis*." (Civ. Doc. 1 at 5) He claims that the "[E]leventh [C]ircuit granted leave to file a successive habeas finding that sentencing under 924(c) would be unlawful as Petitioner's crimes are not 'crimes of violence' and 924(c) is unconstitutionally vague."[1] (*Id.*)

[1] To the extent Rodriguez attempts to raise issues related to his other counts of conviction, those issues are beyond the scope of the circuit court's authorization of this second or successive Section 2255 motion, which is limited "only as to [Rodriguez's] *Davis* claim challenging his § 924(c) conviction on Count Seven." *In re Rodriguez*, No. 21-11128 (11th Cir. Apr. 23, 2021).

In response, the United States "acknowledges that [Rodriguez's] section 924(c) conviction on count seven is now infirm."[2] (Civ. Doc. 6 at 9) The United States does not dispute that, following *Davis*, the only predicate offense supporting the Section 924(c) conviction—sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)—does not constitute a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Lewis*, 800 F. App'x 877, 877 (11th Cir. 2020) ("The predicate 'crime of violence'—sex trafficking by force, violation, or coercion, in violation of 18 U.S.C. § 1591(a)—no longer qualifies as such in light of *Davis*.").

Nevertheless, the United States contends that the district court should deny Rodriguez's Section 2255 motion under the concurrent sentence doctrine. (Civ. Doc. 2 at 10) Because Rodriguez remains subject to six concurrent life sentences after a vacatur of the Section 924(c) conviction, the United States argues, the district court should decline to exercise its jurisdiction to address the *Davis* error. (Civ. Doc. 6 at 10, citing *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016) ("We have held under the concurrent sentence doctrine that, if a defendant has concurrent sentences on multiple counts of conviction and one count is found to be invalid, an appellate court need not consider the validity of the other counts unless the defendant would suffer adverse collateral consequences from the unreviewed conviction.") (citations omitted)).

Alternatively, the United States contends that the district court should grant the Section 2255 motion and vacate the Section 924(c) conviction but decline Rodriguez's request

---

[2] The United States contends that Rodriguez's *Davis* claim is untimely but nevertheless waives this defense. (Civ. Doc. 6 at 8, "[T]he United States does not assert this untimeliness as a defense against the claim seeking relief under *Davis*.") The United States explains that Rodriguez's actual innocence of his Section 924(c) conviction "'serves as a gateway' through which he may challenge that conviction despite the expiration of the limitations period." (*Id.* at 9, quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

for a resentencing hearing on the remaining convictions. (*Id*. at 5–6) The vacatur of the Section 924(c) conviction, the United States argues, would not "unbundle any sentencing package, undermine the sentence as a whole, or require this Court to exercise significant discretion in modifying the sentence." (*Id*. at 6)

Through counsel, Rodriguez replies that he is entitled to a resentencing hearing. (Civ. Doc. 9) He argues that "the sentencing guideline range, the nature of the offense, [his] history and characteristics and his cooperation" show that he is entitled to a "wholly new," below-guidelines sentence. (*Id*. at 5) He further argues that a life sentence results in a sentencing disparity among defendants with similar criminal histories who are convicted of similar offenses. (*Id*. at 4)

**B. The Probation Office's Sentencing Memorandum**

In light of Rodriguez's Section 2255 motion, the United States' response (in which it acknowledges that the Section 924(c) conviction is now infirm), and Rodriguez's reply, the district court requested that the United States Probation Office provide an updated sentencing recommendation to address the impact of a vacatur of the Section 924(c) conviction and sentence on Rodriguez's recommended sentence. The Probation Office provided the district court with a sentencing memorandum, which was filed under seal and sent to Rodriguez's counsel and the United States. (Civ. Doc. 11, *sealed*; Civ. Doc. 13)

The Probation Office's sentencing memorandum explains that the vacatur of Rodriguez's Section 924(c) conviction in Count Seven would result in an increase in the adjusted offense level in Group Eight, regarding Count Ten. (Civ. Doc. 11, *sealed*, at 1) The memorandum explains that, at sentencing, the presentence report did not apply a four-level increase under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with another

felony offense because Rodriguez was convicted of a § 924(c)(1)(A) offense. (presentence report at ¶ 114) If Count Seven is vacated, the memorandum explains, the four-level increase would be applied under § 2K2.1(b)(6), thereby increasing the adjusted offense level in Group Eight from 20 to 24. Nevertheless, this four-level increase "would not result in any alteration to the Total Offense Level," which remains the highest possible total offense level of 43. (Civ. Doc. 11, *sealed*, at 1) With a total offense level of 43 and a criminal history category of VI, Rodriguez's guidelines range would remain life imprisonment. (*Id*. at 2, ¶ 190) Additionally, the vacatur of Count Seven would reduce the special assessment from $900 to $800. (*Id*.)

Thereafter, the district court afforded Rodriguez an opportunity to file any objections to the sentencing memorandum. (Civ. Doc. 10) Through counsel, Rodriguez complains (in one sentence and without any explanation) that "if Count Seven is vacated, Count Eight cannot stand and the 4-point enhancement is contrary to the facts of the case and the fact that Count Seven is vacated—as there is no longer a crime of violence if Count Seven is vacated." (Civ. Doc. 14 at 5) He further complains that a life sentence would "constitute sentencing disparity among individuals convicted of similar offenses with like criminal histories," and that this district court should "restructure [his] sentence, as he was sentenced under a bundled package." *Id.* Furthermore, he files character letters urging the district court to offer leniency upon his resentencing. (Civ. Doc. 19)

Next, the district court afforded the United States an opportunity to respond to Rodriguez's objections to the sentencing memorandum. The United States repeats its position that Rodriguez is not entitled to a resentencing hearing because Rodriguez "still has not shown any adverse collateral consequences should this Court apply the concurrent-sentence doctrine." (Civ. Doc. 18) "[T]he vacatur of a single 924(c) conviction, with the

mandatory minimum 60-month sentence that follows *six* concurrent life sentences," the United States argues, "would not unbundle any 'sentencing package,' undermine the sentence as a whole, or require this Court to exercise significant discretion in modifying his sentence." (*Id*. at 6) Furthermore, the United States responds that Rodriguez's vague challenge to his conviction in Count Eight is not properly raised, untimely, defaulted, plainly without merit, and outside the scope of the circuit court's limited authorization of his second or successive Section 2255 motion. (*Id*. at 4)

**C. Analysis**

*United States v. Thomason*, 940 F.3d 1166, 1171–72 (11th Cir. 2019), is instructive here:

> "When a district court grants a motion to vacate, set aside, or correct a sentence based on a sentencing error, it must either resentence the prisoner or correct his sentence. [*United States v.*] *Brown*, 879 F.3d at 1235 (citing 28 U.S.C. § 2255(b)). A resentencing is "close[] to beginning the sentence process anew" and is "open-ended and discretionary." *Id*. at 1236. A sentence correction, in contrast, is "a more limited remedy, responding to a specific error." *Id*. The district court has broad discretion to choose between these remedies. *Id*. at 1235. But the Due Process Clause places a limit on that discretion. *See* U.S. Const. amend. V.
>
> The Due Process Clause grants criminal defendants a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S. Ct. 2658, 96 L. Ed. 2d 631 (1987). One "critical stage" is when the defendant's sentence is imposed, which we have ruled "extends to the imposition of a[n] entirely new sentenc[e]" following vacatur of the previous sentence. *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991); *see also* Fed. R. Crim. P. 43(a)(3) ("[T]he defendant must be present at . . . sentencing."). The defendant's presence at the sentencing hearing "ensure[s] that . . . [he] has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." *Jackson*, 923 F.2d at 1496–97. . . .

> To determine if a sentence correction is a critical stage requiring a hearing with the defendant present, we have identified two fact-intensive inquiries "to guide our consideration." *Brown*, 879 F.3d at 1239–40. First, we ask whether "the errors [that required] the grant of habeas relief undermine[d] the sentence as a whole." *Id.* at 1239. Second, we ask whether "the sentencing court exercise[d] significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing." *Id.* at 1239–40. If these factors are present, the district court may not modify the defendant's sentence without holding a hearing with the defendant present. *Id.* at 1240. . . .
>
> A district court need not conduct a full resentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous. *See Brown*, 879 F.3d at 1239–40.

With these guiding principles in mind, the district court concludes that Rodriguez's motion must be granted to the extent that he is entitled to a vacatur of his Section 924(c) conviction in Count Seven and consecutive 60-month sentence. As acknowledged by the United States, the only predicate offense supporting the Section 924(c) conviction—sex trafficking by force, fraud, and coercion, in violation of Section 1591(a)—does not constitute a crime of violence under Section 924(c)(3)(A). *See Lewis*, 800 F. App'x at 877. In light of *Davis* and *Lewis*, Rodriguez's Section 1591(a) conviction does not constitute a predicate crime of violence for his Section 924(c) conviction. Therefore, his Section 924(c) conviction in Count Seven is infirm, and the conviction and consecutive 60-month sentence must be vacated. The judgment and sentences as to the remaining counts of conviction remain in place.

However, the district court declines to exercise its discretion to conduct a full resentencing hearing. *Thomason*, 940 F.3d at 1172 ("[W]hen the district court vacates a single count in a multi-count conviction, it has the discretion to determine whether it needs to

conduct a full resentencing to ensure that the sentence remains 'sufficient, but not greater than necessary, to comply with the purposes [of sentencing in section 3553(a)].''). A resentencing hearing is unnecessary here because granting Rodriguez's Section 2255 motion and vacating the conviction in Count Seven does not undermine his sentence as a whole. As the sentencing memorandum explains, even after applying a four-level increase under § 2K2.1(b)(6) to the adjusted offense level in Group Eight, the vacatur of Count Seven does not alter Rodriguez's total offense level, which remains the highest possible total offense level of 43. *See United States v. Hamilton*, 66 F.4th 1267, 1271 (11th Cir. 2023) ("[The defendant's] final total offense level was 52; however, pursuant to Chapter 5, Part A, of the Sentencing Guidelines, in instances where the total offense level is calculated in excess of 43, the offense level is to be treated as level 43, so the PSR listed [the defendant's] total offense level as 43.").

Furthermore, the district court need not exercise significant discretion in correcting Rodriguez's sentence. Notwithstanding the consecutive 60-month sentence on Count Seven, Rodriguez received six concurrent terms of life imprisonment on Counts One, Two, Four, Five, Six, and Eight, as well as sentences of 240 months on Count Nine and 120 months on Count Ten. After vacatur of Count Seven, the six life sentences, as well as the 240-month sentence and 120-month sentence, remain in place. *See United States v. Paige*, No. 21-13920, 2022 WL 17455186, at *2 (11th Cir. Dec. 6, 2022) (no resentencing necessary after vacatur of conviction under *Davis* when the "sentence would continue to be a life sentence (concurrent on two counts) plus an additional 27 years (instead of an additional 60 years), leaving his life sentence intact"); *see also United States v. Gibbs*, No. 20-14188, 2021 WL 3825176, at * 4 (11th Cir. Aug. 27, 2021) ("[T]he addition of a five-year term of supervised release . . . is not such an act of significant discretion to necessitate a resentencing hearing . . . when the original life

sentence made a term of supervised release irrelevant."). In summary, because correcting Rodriguez's sentence "does not change the guideline range and . . . does not make the sentence more onerous," the district court exercises its "broad discretion" not to conduct a full resentencing hearing. *See Thomason*, 940 F.3d at 1172; *see also United States v. Reynolds*, No. 23-11405, 2023 WL 6475435, at *1 (11th Cir. Oct. 5, 2023) (concluding that the district court did not abuse its discretion in declining to hold a resentencing hearing after vacating one of the defendant's convictions because the vacatur did not impact the guideline range and the district court did not impose a more onerous total sentence than the original sentence).

Rodriguez's challenge to the substantive reasonableness of his sentence, including his assertion that his sentence is unfairly disparate, falls outside the scope of the circuit court's limited authorization of this second or successive Section 2255 motion. The circuit court ruled that "because Rodriguez's proposed *Davis* claim meets the statutory criteria in § 2255(h), his application is GRANTED *only* as to his *Davis* claim challenging his § 924(c) conviction on Count Seven." *In re Rodriguez*, No. 21-11128 (11th Cir. Apr. 23, 2021) (emphasis added); Crim. Doc. 284 at 8–9. Similarly, Rodriguez's vague complaint that "Count Eight cannot stand" plainly falls outside the circuit court's limited authorization of this second or successive Section 2255 motion. Rodriguez must obtain authorization from the circuit court to challenge the constitutionality of Count Eight in a second or successive Section 2255 motion.

And, even if Rodriguez's challenge to the substantive reasonableness of his sentence were properly before the district court, such claim is barred by prior resolution. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.") Rodriguez already filed a direct appeal challenging his life sentences as unreasonable, which the circuit

court denied as meritless. *See Rodriguez*, 589 F. App'x at 514 (concluding that all of Rodriguez's asserted appellate issues, including his challenge to the substantive reasonableness of his sentence, lack merit); *see United States v. Reynolds*, No. 23-11405, 2023 WL 6475434, at *2 (11th Cir. Oct. 5, 2023) (affirming a corrected sentence without a resentencing hearing after the vacatur under *Rehaif* of one of three convictions because the vacatur did not impact the guidelines range and the circuit court already affirmed the conviction and sentence on direct appeal) (citing *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989) (declining to give the appellate "two bites at the appellate apple")).

**D. Rodriguez's *Pro Se* Section 2255 Motion (Civ. Doc. 21)**

On June 17, 2025, Rodriguez filed, *pro se*, another motion to vacate, set aside, or correct sentence in which he attempts to raise one ground for relief—that 18 U.S.C. § 1591 is unconstitutionally vague. (Civ. Doc. 21) This motion is not properly before the district court because Rodriguez is represented in this action by retained counsel, and Rodriguez may not file *pro se* pleadings when he is represented by counsel. *See* 28 U.S.C. § 1654 (stating that parties may "plead and conduct their own cases personally *or* by counsel") (emphasis added).

Nevertheless, even if this *pro se* Section 2255 motion were properly filed, the district court lacks authorization to consider it. As explained *supra*, the circuit court authorized Rodriguez to file this second or successive action "only as to [Rodriguez's] *Davis* claim challenging his § 924(c) conviction on Count Seven." *In re Rodriguez*, No. 21-11128 (11th Cir. Apr. 23, 2021). Any claim that § 1591 is unconstitutional plainly falls outside the circuit court's limited authorization of this second or successive Section 2255 action. Again, Rodriguez must obtain authorization from the circuit court to challenge the constitutionality of § 1591 in a second or successive Section 2255 motion.

## III. Conclusion

Accordingly, it is ordered:

1. Rodriguez's Section 2255 motion (Civ. Doc. 1) is **GRANTED in part and DENIED in part** consistent with this order. The Clerk is directed to enter a judgment in favor of Rodriguez that reads, "It is Ordered and Adjudged that Rodriguez's Section 2255 motion is granted in part solely to the claim in Ground One that he is entitled to a vacatur of his Section 924(c) conviction and consecutive 60-month sentence in Count Seven of the Indictment. Rodriguez's request for a resentencing hearing is denied." The Clerk is also directed to enter a copy of this order in the criminal action and to close this civil action.

2. Count Seven of the judgment (Crim. Doc. 194) in the criminal action is **VACATED**. The Clerk shall enter an amended judgment in the criminal action consistent with this order.

3. Rodriguez's *pro se* Section 2255 Motion (Civ. Doc. 21) is **DISMISSED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 16th day of October, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE